# UNITED STATES DISTRICT COURT
### for the
Middle District of North Carolina

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

259 Styers Road
Winston Salem, NC 27105

)
)
)
)
)
)

Case No. 1:26MJ117

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____ Middle _____ District of _____ North Carolina _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Possession of a Machinegun |

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/S/ Eli W. VanKuren
_____
*Applicant's signature*

Eli W. VanKuren, Task Force Officer, ATF
_____
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 4/23/2026

City and state: Winston Salem, North Carolina

_____
*Judge's signature*

Hon. Joi E. Peake, United States Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE SEARCH OF
259 Styers Road
Winston Salem, NC 27105

Case No. 1:26-MJ-117

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR AN ANTICIPATORY WARRANT TO SEARCH AND SEIZE

I, Eli VanKuren, a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. Your Affiant makes this Affidavit in support of an application for an anticipatory search warrant for the premises located at 259 Styers Road Winston Salem, NC 27105 (hereinafter, "the TARGET PREMISES") more fully described in Attachment A.

2. As set forth below, your Affiant respectfully submits that following the occurrence of the "triggering" condition (also known as condition precedent) there will be probable cause to believe that evidence, fruits, and/or instrumentalities of the following violations: Title 18 U.S.C. §922(o), unlawful possession of a machinegun, will be located in the TARGET PREMISES.

3. The statements contained in this Affidavit are based upon your Affiant's personal knowledge and/or on information provided by other domestic enforcement officers, agents, and personnel, as well as on your Affiant's experience, background, and training. Because this Affidavit is being submitted for the limited purpose listed above, your Affiant has not included each and every fact known to him concerning this investigation. Your Affiant has set forth only those facts believed

1

to be necessary to establish probable cause. Where statements made by others or from documentary review have been reported, said statements are reported in substance and in part, unless otherwise noted.

## **AGENT BACKGROUND**

4. Your Affiant is a Police Officer for the Winston-Salem Police Department (WSPD) and has been so employed since August 2015. Your Affiant is a graduate of the North Carolina Basic Law Enforcement Training taught by the Winston-Salem Police Department. Your Affiant is also duly sworn as a Task Force Officer for Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Your Affiant holds a bachelor's degree in psychology from Harding University. During your Affiant's career in Law Enforcement, your Affiant has participated in multiple advanced training courses to include the North Carolina Police Law Institute, Advanced Gang Investigations, Violent Criminal Apprehension Techniques, and Basic Cell Phone Investigations among others.

5. As a Federal Task Force Officer, your Affiant is authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

6. Your Affiant has conducted and assisted with numerous investigations involving the commission of violent crimes, such as shootings, aggravated assaults, robberies, etc. Through instruction, training, experience, participation in investigations, and the exchange of information with other law enforcement agents and officers, your Affiant has become familiar with the manner in which people commit violent acts and the methods, language, and terms that are used to further their criminal activities.

7. During my career in law enforcement, I have conducted and participated in numerous complex case investigations involving federal and state firearms and controlled

2

substance violations. In furtherance of these investigations, I have utilized multiple investigative techniques including but not limited to physical and electronic surveillance, controlled purchases of evidence, management of confidential informants, forensic examination of electronic devices, and the seizure of electronically stored communications. I have experience monitoring and gathering information received from court ordered interception of wire and electronic communication, pen register and/or trap and trace devices, real time GPS and geo-location information, historical call detail records, and vehicle GPS monitoring. Through this experience, I have been able to successfully gather criminal intelligence and utilize this information in furtherance of ongoing criminal investigations.

8. Based on my training, knowledge, and experience, I have become familiar with the following: (1) the manner in which drug traffickers and firearms traffickers (a) transport, store, and distribute drugs and firearms, and (b) collect, keep, and conceal the proceeds of their illegal activities; and (2) the ways in which drug and firearms traffickers use cellular telephones, electronic communications, internet service providers, social media, coded communications or slang during telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

9. Additionally, through my training and experience, my conversations with other agents, and my participation in drug and firearms trafficking investigations, I am aware that:

   a) Drug and firearms trafficking is an ongoing and recurring criminal activity. As contrasted with crimes against persons, which tend to be discrete offenses, drug and firearms trafficking is an illegal commercial business that is characterized by regular, repeated criminal activity;

3

b) Cellular telephones are an indispensable tool of the drug and firearms trafficking trade. Drug and firearms traffickers use cellular telephones, push-to-talk telephones, Short Message Service ("SMS"), electronic-mail, internet service providers, social media, and similar electronic means and/or devices, often under fictitious names or names other than their own, in order to maintain contact with other conspirators and associates. In addition, narcotic and firearms traffickers will often change their cellular telephones following the arrest of a member of their Drug Trafficking Organization ("DTO"), or at random, in order to frustrate law enforcement efforts. While traffickers may change phones, the contents of their phones are often preserved on remote servers through internet service providers, and they often do not change the names of the accounts maintained with these providers;

c) Drug and firearms traffickers keep and maintain records of their various activities. Such records are regularly concealed in a suspect's automobile, residence, office, in electronic accounts, and on their phones, and the records take various forms. Documents commonly concealed by traffickers, include but are not limited to, notes in code, deposit slips, wired money transactions, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of controlled substances or other such documents which will contain identifying data on co-conspirators. These items are kept in locations that are considered safe by the drug

4

trafficers such as safety deposit boxes, residences, vehicles and on their cloud or internet service provider accounts, where they have readily available access to them;

d) Drug and firearms traffickers use cellular telephones, computers, electronic storage media, smart phones, physical and virtual servers through the Internet, cloud-based services, social media, and other electronic communications devices to facilitate illegal firearms and drug transactions. The electronically stored information on these devices and servers is of evidentiary value in identifying other members of the drug trafficking and firearm trafficking conspiracies and establishing the relationship between these individuals and other identifying information stored on these devices;

e) Drug and firearms traffickers often take photos of themselves with large quantities of controlled substances, money, firearms, or high-end consumer items, like cars or watches. These "trophy" photos are often maintained on cellular telephones and electronically stored, to be shared on social media, or as symbols of their success;

f) Drug and firearms traffickers often carry and use firearms in order to protect their proceeds and contraband. Illegal firearms are often traded or sold between and among individuals involved in the drug trade.

10. The facts set forth in this affidavit are based upon my personal knowledge of this investigation, conversations with law enforcement officers and other individuals who have personal knowledge of the events and circumstances described herein, review of reports, documents, and recordings created by others, as well as information that I gained through training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5

11.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(o) [Possession of a Machinegun] have been committed by those residing at 259 Styers Road Winston Salem, NC 27105. There is also probable cause to search the property described in Attachment A for evidence of these crimes further described in Attachment B.

## PROBABLE CAUSE

12.     On April 17, 2026, your Affiant received information that officers from Homeland Security Investigations (HSI) Special Agent B. Parker that U.S. Customs and Border Protection (CBP) located at John F. Kennedy (JFK) airport, that an international mail parcel entering the United States was found to contain one (1) Machinegun Conversion Device (MCD), commonly referred to as a "Glock Switch". Following this notification, your Affiant learned that CBP seized the mail parcel containing the MCD (hereinafter "the TARGET PARCEL"). CBP reported TARGET PARCEL was shipped using a shipping company called "JOJO CHEN" having originally been shipped from Shenzhen, China. The TARGET PARCEL was addressed to an individual named "Treunknown Lopez" at 259 Styers Road Winston Salem, NC 27105, the TARGET PREMISES.

13.     Your Affiant is aware that the TARGET PREMISES lies within Forsyth County, NC and within the jurisdiction of the Middle District of North Carolina.

14.     At the time of its seizure, the TARGET PARCEL had been imported into the United States. The tracking number for the TARGET PARCEL was identified as GFUS01042267181441. Following its seizure, the TARGET PARCEL was placed into CBP's seized property temporary storage facility.

15.     Your Affiant knows that CBP Officers assigned to the at JFK are "Customs" officers

6

under Title 19 of the United States Code and that CBP routinely conducts inspections of international mail parcels at JFK prior to their entering the stream of commerce of the United States. CBP at JFK is the functional equivalent of the U.S. Border as it is the first location where CBP and other Title 19 "Customs" Officers have a reasonable opportunity to conduct inspections on foreign origin parcels prior to their domestic delivery. Title 19 U.S.C. §§482, 1461, 1467, 1581, and 1582 outline the broad scope of inspection authority, including persons, conveyances, baggage and merchandise for "Customs" officers at the border; this authority is commonly referred to as "Border Search Authority." In addition, Title 19 C.F.R. §162.6 states in pertinent part: "All persons, baggage, and merchandise arriving in the Customs territory of the United States from places outside thereof are liable to inspection and search by a "Customs" officer.

16. During an inspection of TARGET PARCEL, CBP officers discovered it contained a MCD. Your affiant was provided a photo taken by CBP depicting the MCD. Inside TARGET PARCEL was a plastic bag with the name "Treunknown Lopez" and the telephone number +1 980-483-2309. Inside the bag was a three piece MCD.



17. Your affiant has previously been conducted and been involved in MCD cases and

7

based on the picture above the device is consistent with a MCD. Furthermore, your affiant has submitted similar devices to the ATF Firearms and Ammunition Technology Division (FATD) for official determination which has yielded those devices as machineguns.

18. Following notification of CBP's seizure and initial records research verifying the existence of the TARGET PREMISES. Through querying TARGET PREMISES through law enforcement databases located a Concepcion LOPEZ and Jorge GARCIA that reside there. Furthermore, according to local records in September 2024 GARCIA identified LOPEZ as being his step-father. Your Affiant requested that the TARGET PARCEL be sent via express courier from JFK to HSI SA Parker.

19. Upon querying the telephone number on the TARGET PARCEL, (980) 483-2309, it was learned this number is a Voice Over Internet Protocol (VoIP) telephone number and not associated with any one person. VOIP telephones are often a cell phone that use applications or Wi-Fi to make calls rather than cellular service providers.

20. Your Affiant knows from training and experience that individuals engaged in the unlawful smuggling and importation of goods, including firearms and firearm components, will keep records, receipts, and other documentation, including correspondence, related to the ordering, purchase, and receipt of smuggled goods. Often included in these records as well are records of payments, discussions concerning obfuscation techniques to shield the smuggling efforts from detection by Customs authorities, and documentation and communication evincing knowledge by involved parties of the illegal nature of their conduct. Your Affiant is further aware that these records can be in paper form but are often kept in electronic format and as such can be housed on a variety of digital and electronic storage media devices including computers, flash drivers, external

8

hard drives, optical discs, tablets, and various cellphones, mobile phones, and smartphones. Your Affiant is further aware that the types of documentation outlined above, including correspondence, are more likely to be in electronic format when, as here, the illicit smuggling activity extends over long distances, across international borders, and involve coordination between foreign and U.S. Nationals.

21. On April 21, 2026 your affiant conducted surveillance at TARGET PREMISES and observed a Honda According bearing NC Registration RLH1660 parked along the street directly in front of TARGET PREMISES. Upon querying the vehicles registration your affiant learned it is registered to GARCIA.

## TRIGGERING CONDITION (CONDITION PRECEDENT)

23. Following approval of this anticipatory warrant, ATF and HSI Special Agents along with other sworn law enforcement officers will attempt a controlled delivery of the TARGET PARCEL to the TARGET PREMISES. Specifically, this controlled delivery will involve an undercover law enforcement officer (UCA), posing as United States Postal Service letter carrier, delivering the TARGET PARCEL to the TARGET PREMISES. The UCA will attempt to deliver the TARGET PARCEL directly to an occupant within the dwelling of the TARGET PREMISES. In the event the UCA is unable to deliver the TARGET PARCEL directly to an individual inside the dwelling of the TARGET PREMISES, the UCA will leave the TARGET PARCEL in the mailbox or outside of the dwelling at the TARGET PREMISES. Sworn law enforcement personnel will then surveil the TARGET PREMISES to determine if the TARGET PARCEL is taken into the dwelling of the TARGET PREMISES or determine if the TARGET PARCEL is picked up, intercepted, and/or transported elsewhere.

9

24. This anticipatory search warrant will be executed, following the controlled delivery of the TARGET PARCEL to the TARGET PREMISES by the UCA, and once the following condition occurs: (1) the TARGET PARCEL has entered the dwelling at the TARGET PREMISES. Should this triggering condition not occur this search warrant will not be executed.

## ENTRY DETECTION DEVICE

25. Your Affiant also seeks authorization to install, monitor, and use an entry detection device, pursuant to the controlled delivery of the TARGET PARCEL. This device is a transponder that will be placed inside the TARGET PARCEL in a manner so as to alert sworn law enforcement personnel when the TARGET PARCEL is opened. This device is a transmitter only and is not capable of monitoring or recording other sounds including human voice conversations. As your affiant has cause to believe the TARGET PARCEL will be taken into the dwelling at the TARGET PREMISES your Affiant specifically requests authority to monitor the signals from this entry detection device while it is within the dwelling at the TARGET PREMISES and in all other areas not open to the general public, including buildings, residences, and other closed structures.

## GLOBAL POSITIONING SYSTEM (GPS) TRACKING DEVICE

26. In addition, your affiant also seeks authorization to install, monitor, and use a Global Positioning System (GPS) electronic tracking device within the TARGET PARCEL to aid physical surveillance of the TARGET PARCEL. Based on your affiant's training and experience, it is conceivable that following the controlled delivery of the TARGET PARCEL the TARGET PARCEL could be moved elsewhere to destinations unknown by GARCIA, LOPEZ or other unidentified individuals. Thus, by and through this application, your affiant also specifically seeks authorization for the installation of a GPS tracking device, as defined in Title 18 USC §3117(b)

10

within the TARGET PARCEL. Following the controlled delivery of the TARGET PARCEL containing the GPS tracking device to the TARGET PREMISES, sworn law enforcement will use the GPS device to monitor the movements and whereabouts for the TARGET PARCEL. Said device will enable sworn law enforcement personnel to surveil and follow the TARGET PARCEL should it be taken by GARCIA, LOPEZ or other unidentified parties, after its controlled delivery by the UCA, to another location. As your affiant has cause to believe the parcel will be brought into the dwelling located on the TARGET PREMISES and if transported elsewhere, will ultimately be taken into a residence, building, other closed structures, or areas not open to the general public where individuals may otherwise have a reasonable expectation of privacy, your affiant expressly requests authorization to allow sworn law enforcement personnel assisting in this investigation to monitor the GPS tracking device after the TARGET PARCEL has entered the TARGET RESIDENCE or other private property, including at its ultimate destination.

## <u>CONCLUSION</u>

28.     Based on the foregoing information, your Affiant avers there is probable cause to believe that the TARGET PARCEL, the details of its discovery, the fact that its contents consist of a Machinegun Conversion Device, which is in violation of 18 U.S.C. § 922(o). Moreover, your Affiant has cause to believe that the condition precedent in conjunction with a controlled delivery of the TARGET PARCEL to the TARGET PREMISES will occur and once it does, that within the TARGET PREMISES, there will be evidence, fruits, contraband, and instrumentalities evincing violations of 18 U.S.C. § 922(o). In addition, your Affiant respectfully requests the court to issue an order permitting law enforcement to monitor an entry detection device and GPS tracker described above in the dwelling of the TARGET PREMISES, any other area not open to the general public, or

11

where a person would otherwise have a reasonable expectation of privacy.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Respectfully submitted,

/S/ Eli W. VanKuren
Task Force Officer Eli W. VanKuren
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

4/23/2026

The Honorable Joi E. Peake
United States Magistrate Judge
Middle District of North Carolina

12

# ATTACHMENT A

## DESCRIPTION OF LOCATIONS TO BE SEARCHED

### 259 Styers Road Winston Salem, NC 27105 (Target Residence)

The Target Residence is at 259 Styers Road Winston Salem, NC 27105, within the

Middle District of North Carolina. The following is a photograph of the premises to be searched.



13

## ATTACHMENT B

## ITEMS TO BE SEIZED

The following materials, located on or within the TARGET PREMISES, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18 U.S.C. §922(o) in the form of the following:

1. Any and all documents and records, either in written or electronic form, related to the purchase, attempted purchase, or solicitation for purchase, importation, solicitation for importation, or attempted importation, or receipt, or attempted receipt, or mailing or shipment of firearms or firearms components or ammunition;

2. Any and all correspondence, either in written or electronic form, related to the purchase, attempted purchase, or solicitation for purchase, importation, solicitation for importation, or attempted importation, or receipt, or attempted receipt of firearms or firearms components or ammunition;

3. Any and all records of payment or financial records, including bank statements, wire remittances, wire transfer receipts, checks, or credit card receipts related to the purchase, importation, or receipt of firearms or firearms components or ammunition;

4. Any and all documents and records, including receipts of payments, either in written or electronic form, related to the unlawful sale, transfer, or distribution of firearms or firearm components or ammunition;

5. Any and all documents, records or other information, either in written or electronic form, related to U.S. laws concerning the purchase, importation, receipt, or possession of

14

firearms and firearms components or ammunition;

6.  Any and all records, either in written or electronic form, pertaining to a violations of U.S. customs laws, to wit: the smuggling of firearms or firearms components, including records related to the purchase, receipt, possession, sale, transfer or distribution of firearms and firearms components so obtained;

7.  Any and all digital and electronic storage media, including but not limited to, computers, tablets, cellular phones, smartphones and external data storage devices, capable of storing documents and records delineated in paragraphs 1-6 above. These devices may be seized but a seperate warrant will be obtained to search.

8.  Indicia of ownership or occupancy of the TARGET PREMISES.

15